UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HERMAN DENNIS MOELLENHOFF, | ) | |
| a/k/a DENNIS MOELLENHOFF | ) | |
| | ) | |
| Debtor, | ) | |
| _____ | ) | Cause No. 12-40544-A705 |
| | ) | |
| CHARLES WEINREICH and | ) | Chapter 7 |
| MARVIN WEINREICH, | ) | |
| | ) | Adversary No. |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HERMAN DENNIS MOELLENHOFF, | ) | |
| a/k/a DENNIS MOELLENHOFF | ) | |
| | ) | |
| Defendant. | ) | |

**Complaint for Determination of Dischargeability
of a Debt under 11 U.S.C. Section 523(a)(2)(A),
or in the alternative 11 U.S.C. Section 523 (a)(2)(B),
or in the alternative 11 U.S.C. Section 523(a)(4)**

**COUNT I**
**(False Pretenses, False Representation or Actual Fraud -
11 U.S.C. Section 523(a)(2)(A))**

Comes Now Plaintiffs, Charles Weinreich and Marvin Weinreich, by and through

their undersigned counsel, and for Count I of their Complaint against Defendant,

Herman Dennis Moellenhoff, a/k/a Dennis Moellenhoff, state to the Court as follows, to-

wit:

1.      Defendant Herman Dennis Moellenhoff, a/k/a Dennis Moellenhoff, is the

Debtor in Case No. 12-40544-705, a proceeding under Chapter 7 of Title 11 now

pending in this Court.

2.      This is an Adversary Proceeding being brought in connection with Defendant's case under Chapter 7 to determine the dischargeability of a debt.

3.      This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C.§157, 28 U.S.C. §1334, 11 U.S.C. §523, Fed. R. Bank P. 4007 and 7001 (6), and E.D. Mo. L.R.81-9.01.  This is a core proceeding within the meaning of 28 U.S.C. §157.

4.      Plaintiffs, Charles Weinreich and Marvin Weinreich, are Creditors of the Defendant/Debtor by virtue of the fact that over the years each Plaintiff, at the request and suggestion of the Defendant/Debtor, that he, as the officer, director and agent of Moellenhoff Building and Realty Company, a Missouri corporation, had valuable investment opportunities for each Plaintiff in that if they would give loan cash monies to Moellenhoff Building and Realty Company, Defendant/Debtor would execute appropriate documentation to secure the loans given by Plaintiffs on real estate transactions by issuance of Deeds of Trust to each Plaintiff respectively, often times maintaining in his possession, according to promises made, deeds of trust for safekeeping for Plaintiffs, as mortgagees, on specific tracts of land, for a specific term, and for a specific rate of interest to be returned to Plaintiffs.

5.      Defendant/Debtor is indebted to Plaintiffs for the following listed amounts loaned, among others, as debts for obtaining money by false pretenses, false representations, or actual fraud, in that, in order to induce Plaintiffs to make the aforesaid loans, Defendant/Debtor represented to them that Moellenhoff Building and Realty Company, of which he was an officer, director and agent, owned various parcels of real estate in the City and/or County of St. Louis, and/or County of Jefferson, State of Missouri, in said Corporation's sole name, free and clear, which were worth

2

substantially more than the amount of the loans he requested on behalf of said

Corporation, and that he would give them a first deed of trust against said property as

security for repayment of the loans on the specific dates below listed, and for the

specific parcels of said real estate described below, and Defendant came to Plaintiffs'

house and in exchange for their respective checks in the varying amounts as

hereinbelow set forth, gave them documents which purported to be receipts from which

deeds of trust against said properties, the original of which he represented to them had

been or would be recorded so as to create a first deed of trust against said property.

This series of transactions are now described, by name of each individual Plaintiff, as

follows:

     A.    <u>As to Charles Weinreich:</u>

     1.    On December 6, 2001, Charles Weinreich gave to Dennis

Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, a

check for $60,000.00 to purchase a $60,000.00 deed of trust, with a return of 6%

interest, to be secured by a deed of trust on Lonedell Road in Arnold, Missouri.  In

June, 2003, a $30,000.00 partial repayment was made by Moellenhoff Building and

Realty Company, and in May, 2005, a $10,000.00 partial repayment was made.  Over

the years, and until 2009, partial interest was paid, copy of statement attached as

Exhibit 1.  The current balance on monies loaned is $20,000.00 unpaid, with interest

calculated to date of an additional $3,000.00, all totalling due Plaintiff of $20,300.00.

     2.    On January 4, 2002, Charles Weinreich gave to Dennis

Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, a

check for $300,000.00 and received in return a receipt for that amount, copy attached

as Exhibit 2, signed by Dennis Moellenhoff as agent for Moellenhoff Building and Realty Company, reflecting that said loan money was to purchase a deed of trust in that amount for a tract of land known as VonTalge Trails.  In the months August, 2003 through November, 2005, Moellenhoff Building and Realty Company made partial principal payments on the loans totalling $264,000.00, as well as some interest payments, leaving an unsecured balance, contrary to promises of recorded security protection to be provided, of $36,000.00, with unpaid interest calculated to date of an additional $6,480.00, all totalling now due of $42,480.00.

      3.     On January 23, 2003, Charles Weinreich gave to Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, checks totalling $200,000.00 to purchase secured deeds of trust in that amount, at 5.5% interest rate of returns, on property referred to as the Forder Woods Subdivision in St. Louis County, Missouri, with a receipt documenting that transaction from Moellenhoff Building and Realty Company, signed by Dennis Moellenhoff, copy attached as Exhibit 3 hereto.  In the months August, 2004 through April, 2007, Moellenhoff Building and Realty Company made partial principal payments on this loan totalling $122,000.00, as well as some interest payments, leaving an unsecured balance, contrary to promises of recorded security protection to be provided, of $78,000.00, with unpaid interest calculated to date of an additional $12,870.00, all totalling due $90,870.00.

      4.     On August 2, 2004, Charles Weinreich gave to Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, a check for $150,000.00 to purchase $150,000.00 in deeds of trust, with a return of 5% interest

4

promised, to be secured by deeds of trust on property at Old Baumgartner and Milburn in St. Louis County, Missouri, known as the development of Pin Oak Terrace, copy of receipt attached as Exhibit 4.  Over the years, and until September, 2008, partial interest was paid.  The current balance on monies loaned is still $150,000.00 principal unpaid, with interest calculated to date of an additional $26,500.00, all totalling due Plaintiff of $176,500.00.

5.     On October 18, 2005, Charles Weinreich gave to Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, a check for $125,000.00 and received in return a receipt for that amount, copy attached as Exhibit 5, signed by Dennis Moellenhoff as agent for Moellenhoff Building and Realty Company, reflecting that said loan monies were to purchase a deed of trust in that amount for a tract of land known as The Arthur Lane apartment project (56 Units). Between that date and February, 2009, interest payments were made, but no principal payments, leaving an unsecured balance, contrary to promises of recorded security protection to be provided, of $125,000.00, with unpaid interest calculated to date of an additional $23,125.00, all totalling now due of $148,125.00.

6.     On June 5, 2007, Charles Weinreich gave to Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, a check for $160,000.00 to purchase a $160,000.00 deed of trust, with a return of 6-1/2% interest, to be secured by a deed of trust on Lot 7, Pin Oak Terrace Addition in St. Louis County, Missouri, copy of note attached as Exhibit 6.  There has been no repayment of any principal.  Over the years and until February, 2009, partial interest was paid.  The current balance on monies loaned is $160,000.00 as unpaid, with interest calculated to

5

date of an additional $22,066.42, all totalling due Plaintiff of $192,066.42.

7.     On December 10, 2007, Charles Weinreich gave to Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, a check for $100,000.00 to purchase a deed of trust in that amount for a tract of land known as Lot 4 Lonedell.  In the months December 2007 through September, 2009, Moellenhoff Building and Realty Company made partial interest payments on the loan, copy of statement attached as Exhibit 7, and no principal payments, leaving an unsecured balance, contrary to promises of recorded security protection to be provided, of $100,000.00, with unpaid interest calculated to date of an additional $7,500.00, all totalling now due of $107,500.00.

8.     On March 26, 2009, Charles Weinreich gave to Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, checks totalling $90,000.00, copy of receipt attached as Exhibit 8, to purchase deeds of trust worth $90,000.00, with a return of 6% interest, to be secured by deeds of trust on Arthur Lane Apartments in St. Louis County, Missouri, 9932-56 Arthur Lane.  No repayments of principal, nor any interest has been paid back.  The current balance on monies loaned is $90,000.00 now unpaid, with interest calculated to date of an additional $16,200.00, all totalling due Plaintiff of $106,200.00.

9.     On September 29, 2009, Charles Weinreich gave to Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, a check for $30,000.00, and such loan money was to purchase a deed of trust in that amount in development of a tract of land known as Pin Oak Second Addition.  In the months December, 2009 through September, 2010, Moellenhoff Building and Realty

6

Company only made partial interest payments on the loan totalling $1,750.00, copy of interest document attached as Exhibit 9, leaving an unsecured balance, contrary to promises of recorded security protection to be provided, of $30,000.00 principal, with unpaid interest calculated to date of an additional $3,500.00, all totalling now due of $33,500.00.

  B. <u>As to Marvin Weinreich:</u>

    1. On February 29, 1994, Marvin Weinreich gave to Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, a check for $60,000.00 to purchase a $60,000.00 deed of trust, with a return of 7% interest, to be secured by a deed of trust on Lot 51 Summer Hedge, also known as 5609 Butler Hill Rd., St. Louis County, Missouri. Copy of interest statement reflecting this transaction is attached as Exhibit 10. No payment of principal was ever made by Moellenhoff Building and Realty Company. Over the years, and until September, 2008, partial interest was paid. The current balance on monies loaned is $30,000.00 unpaid, with interest calculated to date of an additional $6,300.00, all totalling due Plaintiff of $36,300.00.

    2. On January 4, 2002, Marvin Weinreich gave to Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, a check for $300,000.00 and received in return a receipt for that amount, copy attached as Exhibit 11, signed by Dennis Moellenhoff as agent for Moellenhoff Building and Realty Company, reflecting that such loan monies was to purchase a deed of trust in that amount with 6% returned interest, for a tract of land known as VonTalge Trails. In the months August, 2003 through November, 2005, Moellenhoff Building and Realty

7

Company made partial principal payments on the loan totalling $294,000.00, as well as some interest payments, leaving an unsecured balance, contrary to promises of recorded security protection to be provided, of $6,000.00, with unpaid interest calculated to date of an additional $1,080.00, all totalling now due of $7,080.00.

3.      On July 11, 2005, Marvin Weinreich gave to Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, a check totalling $100,000.00 to purchase $100,000.00 in deeds of trust, with a return of 6-1/2% interest to be secured by a deed of trust on the development known as Pin Oak Addition on Baumgartner Road in St. Louis County, Missouri.  In September, 2006, a $7,000.00 partial repayment was made by Moellenhoff Building and Realty, and in October, 2006 a $19,000.00 partial repayment of principal was made.  Over the years, and until March, 2009, partial interest was paid, copy of interest statement attached as Exhibit 12. Current balance on monies loaned is $74,000.00 unpaid, with interest calculated to date of an additional $13,320.00, all totalling due in excess of $87,320.00.

4.      On October 26, 2005, Marvin Weinreich contracted with Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, to retain loaned funds of Marvin Weinreich in the sum of $137,000.00 as continuing working capital, and such loan monies was to be secured by a deed of trust on 8944 Provo, St. Louis County, Missouri, with a return of 8% interest.  Moellenhoff Building and Realty Company made partial interest payments on the loan, with the last payment of interest in June, 2009, leaving an unsecured balance contrary to promises of security interest to be provided and recorded of $137,000.00, with unpaid interest calculated to date in excess of an additional $32,800.00, all totalling due Plaintiff of $169,000.00.

8

5.      On September 14, 2005, Marvin Weinreich gave to Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, a check for $120,000.00 to purchase a $120,000.00 deed of trust, with a return of 6% interest, for the promise that such loans would be secured by a deed of trust on property at Clayton Road and Berthold in St. Louis County, Missouri, copy of receipt attached as Exhibit 13. There have been no partial repayments of principal made by Moellenhoff Building and Realty Company. Over the years, and until March, 2009, partial interest was paid. Current balance on monies loaned is $120,000.00 unpaid, with interest calculated to date of an additional $21,000.00, all totalling now due of $141,000.00

6.      On March 1, 2008, Marvin Weinreich gave to Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, a check for $75,000.00, and received in return a receipt for that amount, copy attached as Exhibit 14, signed by Dennis Moellenhoff as agent for Moellenhoff Building and Realty Company, reflecting that such loan monies was to purchase a deed of trust, with a return of 6% interest, on property known as Lot 2 Roxanne East Concord in St. Louis County, Missouri. In the months April, 2008 through March, 2009, Moellenhoff Building and Realty Company made partial interest payments on the loan, but with no principal payments, leaving an unsecured balance contrary to promises of security protection to be provided and recorded of $75,000,00, with unpaid interest calculated to date of an additional $14,500.00, all totalling now due Plaintiff of $89,500.00.

7.      On May 5, 2008, Marvin Weinreich gave to Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, checks for

9

$240,000.00 to purchase deeds of trust on Lots 1, 15 and 19 of Pin Oak Subdivision, with a return of 5.5% interest, to be secured by said deeds of trust as promised, copy of receipt attached as Exhibit 15. In July, 2008, a $20,000.00 partial repayment of principal was made by Moellenhoff Building and Realty Company. Over the years and until April, 2009, partial interest was paid. Current balance on monies loaned is $220,000.00 unpaid, with interest calculated to date of an additional $24,201.00, all totalling due of $244,201.00.

8.     On May 5, 2008, Marvin Weinreich gave to Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, a check totalling $240,000.00, with a return of 5.5% interest, and received in return a receipt for that amount, copy attached as Exhibit 16, signed by Dennis Moellenhoff as agent for Moellenhoff Building and Realty Company, reflecting that such loan money was to purchase a deed of trust in that amount on Lot 6, Pin Oak Subdivision in St. Louis County, Missouri, and by promise, was to be later secured by a deed of trust on Lots 1, 15 and 19 of Pin Oak Subdivision. In July, 2008, Moellenhoff Building and Realty Company made partial principal payment on this loan in the sum of $20,000.00, as well as some interest payments, leaving an unsecured balance contrary to promises of security protection to be provided, and recorded, of $220,000.00, with unpaid interest calculated to date in excess of an additional $47,200.00, all totalling now due Plaintiff of $267,200.00.

9.     On September 2, 2008, Marvin Weinreich gave to Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, checks totalling $180,000.00, to purchase a $180,000.00 deed of trust with a return of

10

5.5% interest to be secured by a recorded deed of trust on Lot 5B, Lonedell Industrial Court, Arnold, Missouri.  No payments of principal have been made by Moellenhoff Building and Realty Company.  Between October, 2008 and September, 2010, partial interest was paid, copy of interest statement attached as Exhibit 17.  Current balance on monies loaned is $180,000.00 unpaid, with interest calculated to date of an additional $9,900.00, all totalling now due of $189,900.00.

   10. On January 14, 2009, Marvin Weinreich gave to Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, checks totalling $120,000.00, and received in return a receipt for that amount, copy attached as Exhibit 18, signed by Dennis Moellenhoff as agent for Moellenhoff Building and Realty Company, reflecting that such loan money was to purchase a deed of trust in that amount on a Quick Trip facility at 13099 Tesson Ferry in St. Louis, County Missouri.  Moellenhoff Building and Realty Company made no partial principal payments on this loan.  Interest payments were made between June, 2009 through September, 2010, leaving an unsecured balance, contrary to promises of security protection to be provided and recorded of $120,000.00, with unpaid interest calculated to date of an additional $3,000.00, all totalling now due of $123,000.00.

   11. On October 25, 2002, Marvin Weinreich gave to Dennis Moellenhoff, as legal representative of Moellenhoff Building and Realty Company, a check totalling $145,000.00, to purchase a $145,000.00 deed of trust, with an interest return, to be secured by a deed of trust on 9524 Craigwood Terrace in St. Louis County, Missouri.  Since that date, principal and interest payments were made in the sum of $828.19 per month, either directly by Moellenhoff Building and Realty Company,

11

copy of interest statement attached as Exhibit 19, and/or by the owners, Bumbac. Current balance on monies loaned, principal and interest, is $116,114.71.

6.     At the time Defendant/Debtor made the aforesaid representations individually and on behalf of Moellenhoff Building and Realty Company, he knew them to be false in that said Corporation did not than yet own the property in its sole name, the property was not free and clear, the deed of trust had not been recorded, and never would be, and it was not valid to create a security interest of any sort against the aforesaid property.

7.     Defendant/Debtor made the representations with the intention and purpose of deceiving Plaintiffs.

8.     Plaintiffs justifiably relied on said representations in that they would not have made any of said loans if they had known they would be unsecured.

9.     As a proximate result of said misrepresentations Plaintiffs have sustained massive monetary losses as above set forth.

10.     Accordingly, the amounts due to Plaintiffs, generally and casually listed by Defendant in his Bankruptcy Petition as:  "Charley Weinreich, 2004-09 cash loans $1,000,000.00", and:  as to "Marvin Weinreich, 2004-09 cash loans, $780,000.00", are non-dischargeable under Section 523(a)(2)(A) of the Bankruptcy Code.

Wherefore, Plaintiffs pray that the Court determine that the debts represented by the aforedescribed loans to Moellenhoff Building and Realty Company, concocted and fraudulently engineered by Defendant/Debtor, are non-dischargeable; and that Plaintiffs have such other and further relief as is just and proper, including reasonable costs and attorney's fees.

## COUNT II
### (Materially False Statement in Writing - 11 U.S.C. Section 523(a)(2)(B))

Comes now Plaintiffs, Charles Weinreich and Marvin Weinreich, by and through their undersigned counsel, in the alternative, and for Count II of their Complaint against Defendant, Herman Dennis Moellenhoff, a/k/a Dennis Moellenhoff, state to the Court as follow, to wit:

1.    Plaintiffs restate and reallege and incorporate by reference as if more fully set out herein, the allegations contained in paragraphs 1 through 10, inclusive, and all subparagraphs of the paragraphs of Count I, as though more fully set forth herein.

2.    As specifically set forth in the paragraphs and subparagraphs of Count I herein, Plaintiffs loaned monies to Moellenhoff Building and Realty Company, through the hands of its officer, director and agent, Defendant/Debtor herein, and received in return receipts and other written documents reflecting that such monies loaned were to be protected and secured by recorded deeds of trust on various properties.

3.    In reasonable reliance on promises made by Defendant/Debtor that secured deeds of trust would be created and recorded, Plaintiffs made loans to Defendant/Debtor, in amounts in excess of $789,000.00 from Plaintiff, Charles Weinreich, and in amounts in excess of $1,298,000.00 from Plaintiff, Marvin Weinreich.

4.    At the time Defendant/Debtor furnished the documents consisting of receipts and other documents reflecting the recording of deeds of trust to secure the monies being loaned through the hands of Defendant/Debtor to Moellenhoff Building and Realty Company, Defendant/Debtor knew they were materially false in that either Moellenhoff Building and Realty Company did not own the properties represented as

13

owned in its sole name, and/or the properties were not free and clear of prior liens, and/or the deeds of trust had not been recorded, or were in fact not intended to be recorded and were not recorded, and therefore there was no creation of a first preferred security interest of any sort against the aforesaid properties to protect Plaintiffs herein.

5.    As a proximate result of the reliance of Plaintiffs, and each of them, on the documents provided them by Defendant/Debtor containing false statements in writing, Plaintiffs and each of them sustained very significant financial losses.

6.    Accordingly, the amounts set forth in Count I and its subparagraphs as above set forth, and as adopted and incorporated by reference in this Count II, as to each Plaintiff is non-dischargeable under Section 523(a)(2)(B) of the Bankruptcy Code.

WHEREFORE, Plaintiffs, and each of them, pray that the Court determine that the aforesaid debts for monies loaned through the hands of Defendant/Debtor are non-dischargeable; and that Plaintiffs have such other and further relief as is just and proper, including reasonable costs and attorney's fees.

## COUNT III
### (Fraud or Defalcation While Acting in a Fiduciary Capacity, Embezzlement or Larceny - 11 U.S.C. Section 523(a)(4))

Comes now Plaintiffs, Charles Weinreich and Marvin Weinreich, by and through their undersigned counsel, in the alternative, and for Court III of their Complaint against Defendant/Debtor, Herman Dennis Moellenhoff, a/k/a Dennis Moellenhoff, state to the Court as follows, to wit:

1.    Plaintiffs restate and reallage and incorporate by reference as if more fully set out herein, all of the allegations of Count I and Count II, and their respective paragraphs and subparagraphs.

14

2.      As specifically set forth in the paragraphs and subparagraphs of Count I herein, Plaintiffs loaned monies to Moellenhoff Building and Realty Company, through the hands of its officer, director and agent, Defendant/Debtor herein, and received in return receipts and other written documents reflecting that such monies loaned were to be protected and secured by recorded deeds of trust on various properties.  Said monies were given to Defendant/Debtor by Plaintiffs as a result of an investment pattern developed over a number of years of dealing with Moellenhoff Building and Realty Company, and specifically and initially through the investment dealings with Defendant/Debtor's father, H. George Moellenhoff, and then with Defendant/Debtor herein himself, during which time a fiduciary relationship was developed with the said H. George Moellenhoff, and then Defendant/Debtor herein, which was relied on implicitly by Plaintiffs, that when investment opportunities and real estate adventures would arise, and the need for a period of time of loaned monies occurred, that Plaintiffs would entrust said requested monies to the hands of H. George Moellenhoff, and then later Defendant/Debtor herein, to be utilized for the purposes represented, and that at all times the loan monies would be secured for the benefit of Plaintiffs by recorded deeds of trust, and that as real estate ventures then matured, Plaintiffs always received their loaned monies back, plus the agreed upon interest accruing.

3.      As set forth in detail in Counts I and II herein, and their respective paragraphs and subparagraphs, Defendant/Debtor utilized this trust relationship and fiduciary relationship and capacity that had been established over many years to Defendant/Debtor's fraudulent personal advantage, and Defendant/Debtor took monies, in varying amounts and at varying times, from each Plaintiff, as herein above set forth,

15

promising as in past dealings, that the loaned monies would be properly invested and that they would be secured and protected through recorded deeds of trust, yet Defendant/Debtor fraudulently defalcated, embezzled, and with a larcenous intent, misappropriated said monies and funds placed in his hands for protected investments by Plaintiffs, without advising Plaintiffs of these wrongdoings, all the while keeping up the ruse that the monies had been properly securely invested by periodically providing to Plaintiffs purported interest payments on each such transaction of invested monies.

4.      Contrary to promises made, and assurances given by Defendant/Debtor to the Plaintiffs on a repeated basis that their loan monies had been properly invested with recorded deeds of trust, upon which representations Plaintiffs implicitly relied, based upon the prior fiduciary relationship created and existing, Defendant/Debtor, individually and on behalf of Moellenhoff Building and Realty Company, fraudulently converted said funds to his own use and purposes, thereby breaching the fiduciary relationship Defendant/Debtor fostered and represented to Plaintiffs as continuing to exist.

5.      As a proximate result of Defendant/Debtor's deliberate fraudulent embezzling, larcenies, and defalcation actions, unknown to the Plaintiffs at the time such actions were being taken by Defendant/Debtor, Plaintiffs, and each of them, have sustained very significant financial losses.

6.      Accordingly, the amounts set forth in Count I and its subparagraphs as above set forth, and as adopted and incorporated by reference in this Count III, as to each Plaintiff is non-dischargeable under Section 523(a)(4) of the Bankruptcy Code.

WHEREFORE, Plaintiffs, and each of them, pray that the Court determine that the aforesaid debts for monies loaned through the hands of Defendant/Debtor are non-dischargeable; and that Plaintiffs have such other and further relief as is just and proper, including reasonable costs and attorney's fees.

LUSSER, HUGHES & LUSSER

By:_____

Rene' E. Lusser, #17985
Federal Registration #10914
MO 17985MO
Attorney for Plaintiffs
400 N. 4th St., Suite 2410
St. Louis, MO 63102
241-2020/FAX: 241-2023
lusser@att.net

17

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Charles Weinreich and Marvin Weinreich | Herman Dennis Moellenhoff, a/k/a Dennis Moellenhoff |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Rene' E. Lusser, Lusser, Hughes & Lusser 400 N. 4th St., #2410, St. Louis, MO 63102 314/241-2020 | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| □ Debtor   □ U.S. Trustee/Bankruptcy Admin  ☒ Creditor   □ Other  □ Trustee | ☒ Debtor   □ U.S. Trustee/Bankruptcy Admin  □ Creditor   □ Other  □ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine dischargeability of debts for money loaned with promises of secured interests, under 11 U.S.C. Section 523(a)(2)A, Section 523(a)(2)B, and Section 523(a)(4)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**  □ 11-Recovery of money/property - §542 turnover of property  □ 12-Recovery of money/property - §547 preference  □ 13-Recovery of money/property - §548 fraudulent transfer  □ 14-Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**  □ 61-Dischargeability - §523(a)(5), domestic support  □ 68-Dischargeability - §523(a)(6), willful and malicious injury  □ 63-Dischargeability - §523(a)(8), student loan  □ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)  □ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**  □ 21-Validity, priority or extent of lien or other interest in property | |
| **FRBP 7001(3) – Approval of Sale of Property**  □ 31-Approval of sale of property of estate and of a co-owner – §363(h) | **FRBP 7001(7) – Injunctive Relief**  □ 71-Injunctive relief – imposition of stay  □ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge**  □ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(8) Subordination of Claim or Interest**  □ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation**  □ 51-Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment**  □ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability**  □ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims  ☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud  ☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny  (continued next column) | **FRBP 7001(10) Determination of Removed Action**  □ 01-Determination of removed claim or cause  **Other**  □ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.  □ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Herman Dennis Moellenhoff | | BANKRUPTCY CASE NO.<br>12-40588 A 705 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern | | DIVISION OFFICE<br>Eastern – St. Louis | NAME OF JUDGE<br>Charles E. Rendlen, III |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF<br><br>Evelyn Hogan | DEFENDANT<br><br>Herman Dennis Moellenhoff | | ADVERSARY<br>PROCEEDING NO.<br>12-04064 |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Eastern | | DIVISION OFFICE<br>Eastern – St. Louis | NAME OF JUDGE<br>Charles E. Rendlen, III |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br><br>March 29, 2012 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Rene' E. Lusser | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.



**SALES**
**FINANCING**

**REALTORS**

*"Our Record A Recommendation"*

**INSURANCE**
**MANAGEMENT**

*Posted*
*July 10, 2002*

6814 GRAVOIS AVENUE     SAINT LOUIS, MISSOURI 63116

July 2, 2002

Charles Weinreich
2101 Union Rd.
St. Louis, Mo. 63125

S T A T E M E N T

Interest on Lonedell Rd (Easement) 60,000.00 @6%
from 12-12-01 to 6-12-02............................$1800.00

Ck 6987(CG)

---

352-4300

**NOTARY PUBLIC**

**SALES**
**FINANCING**

**REALTORS**

*"Our Record A Recommendation"*

**INSURANCE**
**MANAGEMENT**

*Posted*
*Dec 16, 2002*

6814 GRAVOIS AVENUE     SAINT LOUIS, MISSOURI 63116

December 12, 2002

Charles Weinreich
2101 Union Rd.
St. Louis, MO  63125

S T A T E M E N T

Interest on Lonedell Rd. (Easement) $60,000.00 @6%
from 6-12-02 to 12-12-02...............................$1800.00

Ck NO. 8114(CG)

Ex 1

1-4-02   19

Received of Charles Weinreich

Three Hundred Thousand dollars + 00/100 —————— DOLLARS

Loan purchase a/c Von Talge Trails

**Moellenhoff Bldg. & Realty Co.**

Per

$ 300,000.

Exh 2

1-23-03

Received from Charles Weinreich.

Two Hundred Thousand dollars + 00/100 _____ DOLLARS

Deed of Trust + Note on Forder Woods Subd.

Development.

Moellenhoff Bldg. & Realty Co.

$ 200,000.00

Per _____

SALES
FINANCING



INSURANCE
MANAGEMENT

REALTORS

*"Our Record A Recommendation"*

6 8 1 4   G R A V O I S   A V E N U E      S A I N T   L O U I S ,   M I S S O U R I   6 3 1 6 0 - 2 8

August 30, 2004

Charles Weinreich
2101 Union Rd.
St. Louis, Mo. 63125

### S T A T E M E N T

Part principal payoff on Forder Woods Dev. Loan
(From Lot 11 Forder Woods).........................$18,000.00

Ck No. 11975 (CG)

---

**MOELLENHOFF BUILDING & REALTY CO.**

11975

Partial prin. payoff on Forder Woods Dev. Loan

*for CW - Aug 30, 04*

McBEE TO REORDER 1 800 662-2331        MLM145-1        01032729212001        040520124170

0467

CHARLES WEINREICH OR
MARVIN WEINREICH
2101 UNION RD
SAINT LOUIS, MO  63125-3056

Money Market Check                503

Date  Aug. 2, 2004

Pay to the order of  MacMenhoff Bldg & Rlty Co.   $ 150,000 00/xx

One hundred fifty thousand and 00/xx   Dollars

**US bank.**
Five Star Service Guaranteed
www.usbank.com

Baumgartner

For  DoT on Telegraph     Charles Weinreich

⑆081000210⑆    1752850709⑈0503

*(handwritten top right)* Recd Aug 8, 04

August 2, 2004

Received from Charles Weinreich 150,000.00 for Deed
of Trust on Old Baumgartner and Milburn (Pinoak
Terrace) for 2 years  at 5%.

*(handwritten note)*

Charles & Marv

Call me about the

interest we did not

discuss that.

Thanks

Dan

(Exh 4)

October 18 19-05

Received of From Charles Weinreich.

One Hundred Twenty Five Thousand dollars — — DOLLARS

125000. Deed of Trust on Arthur LN 56 units

Apartments.

**Moellenhoff Bldg. & Realty Co.**

Per

$125 000.

Charles Weinreich

COPY
original
in safe

# NOTE

$ 160,000.00                                        Date: JUNE 5, 07

For Value Received, the undersigned jointly and severally as principals promise to pay to
the order of    Mr. Charles Weinreich

with interest thereon from date at the rate of 6 1/2 per cent per annum, said principal and interest to be paid in
semi Annual monthly installments as follows:    160,000.00                         -DOLLARS

($        )on the            day of 12-5-07, 2008, and a like amount on the same   Interest
day of each succeeding month thereafter, until this note is fully paid, each of such
payments to be to be applied first in payment of interest due on the entire unpaid principal,
and the remainder in reduction of the principal, with interest after maturity at the rate of
the highest allowable rate by law per cent per annum on principal.

If default be made in the payment of any of said monthly installments when due, the
holder of this note may at the option of said holder declare all unpaid indebtedness
evidenced by this note immediately due and payable, and thereupon the undersigned agree
to pay all costs of collection, including a reasonable attorney's fee. Failure at times to
exercise such option shall not constitute a waiver of the right to exercise it later.

In the event default be made in the payment of any monthly installment, when due, and
the holder of this note does not exercise its option to declare all unpaid indebtedness due
and payable, the undersigned agree to pay, during the period of delinquency, interest on
the unpaid balance of the loan at the rate of the highest allowable by law per cent per
annum on principal.

The holder may rearrange, adjust, and extend the times and amounts of payments of
interest and/or principal of this note by agreement with the present or subsequent owner of
the real estate securing the same, without notice to or consent of and without releasing any
party liable hereon.

The makers, sureties, endorsers and guarantors of this note hereby severally waive
demand, presentment for payments notice of nonpayment, protest, notice of protest and
diligence in bringing suit against any party hereto.

THIS NOTE IS DUE AND PAYABLE ON JUNE 5, 08         .
THERE WILL BE A 15 DAY GRACE PERIOD IF PAYMENT IS RECEIVED AFTER
THE 15TH OF EACH MONTH A 5% PENALTY WILL BE ADDED TO PRINCIPAL

PAYABLE AT: Moellenhoff
Bldg & Rlty Co

_____
Den Moellenhoff Pres.

Secured by Deed of Trust on:
Lot 7 Pin Oak
Terrace Addition

Exh 6

# DEED OF TRUST

**THIS DEED,** Made and entered into this  5 th  day of  GuwIE  , 20 o 7, by and between
GRANTOR(S):  Moellenhoff Bldg r Rlty Co

of the  of  State of  and
TRUSTEE(S):  PAM Danielle

of the  of  State of  and
GRANTEE(S):  Moellenhoff Bldg r Rlty Co

of the  of  State of  .

Grantee's mailing address:  6814 Gravois StL Mo 63116

    *Witnesseth,* that the Grantor(s), for and in consideration of the debt and trust hereinafter described and created, and
the sum of One Dollar to Grantor(s) paid by the Trustee(s), the receipt of which is hereby acknowledged, do(es) by these
presents *Grant, Bargain and Sell, Convey and Confirm* unto the Trustee(s), the following described Real Estate situated in
the county of St. Louis,  State of Missouri, to-wit:

Lot 7 Pin Oak Terrace
Addition.

The date of the last maturing obligation secured by this deed of trust is

6 - 5 - 08

*To Have and to Hold* the same, together with all buildings, fixtures and appurtenances now or hereafter to the same belonging, unto the Trustee(s), and to          successor(s) in this trust forever, and possession of said premises is now delivered unto the Trustee(s) including the right to collect rents as hereinafter set forth.

     *In Trust,* however for the following purposes: *Whereas,* the Grantor(s), being justly indebted to the Grantee(s) for          money in the principal sum of $ *160,000.00*          Dollars, has, to secure said principal, and interest to be earned thereon, equally and without preference of one note over another, executed and delivered to the Grantee(s),          negotiable promissory note(s) of even date herewith, expressed to be for value received, drawn to the order of the Grantee(s), and payable at  *Moehlenhelto*

as follows, to-wit:

Lot 7 Pin Oak
Terrace Addition

TO SECURE the payment of which said notes the Grantor(s) has executed this Deed of Trust, and has also agreed with Grantee(s), endorses and assigns, to cause all taxes and assessments, general and special, to be paid whenever imposed upon said property, and before becoming delinquent; and also to keep the improvements upon said premises constantly and satisfactorily insured, until said notes are all paid, against fire and extended coverage, in the full amount of this deed of trust, and to carry such other insurance and in such companies as holders of notes may require, and the policies therefore to keep constantly assigned unto the Trustee(s) and deposited with the Grantee(s) for further securing the payment of said notes, and the proceeds hereof apply towards the payment of said notes. The holder of notes is hereby given privilege and authority to make proof of loss and adjust and collect insurance. The Trustee(s) may assign policies to purchaser at foreclosure and owner shall not be entitled to unearned premiums. And the Grantor(s) hereby guarantees to the Grantee(s), that the said property herein described is free and clear of mechanics' liens; and the Grantor(s) further agrees that, in case any liens should hereafter be filed against said property, then said liens so filed shall have the same force and effect as if any one of said notes herein before described, shall become due and payable, and all the covenants and agreements herein provided shall be in full force and effect and carried out as if said notes be actually due and payable. Grantor(s) also agrees promptly to pay when due

Form 2040  (page 2 of 5)  class A  Printed and Sold by: Legal Supply & Index  (314) 421-1038  www.legalsupply.com
Notice to Recorder – Red vertical lines denote original document

all notes, and to perform all covenants, in any deed of trust prior to these presents. It shall be the privilege of the Grantee(s), and assigns, in case of default on the Grantor(s) or assigns to promptly pay all taxes, effect insurance, remove mechanics' liens and pay prior notes, as above herein provided, to pay such taxes, insurance and mechanics' liens, or notes of any prior deed of trust, and in the event that the Grantee(s), assigns or legal representatives, or the Trustee(s), or his successors in trust, shall expend any money to protect the title or possessions of said premises, or of such taxes, insurance, mechanics' liens, or notes, then shall money so expended shall be a new and additional principal sum of money secured by this instrument, and shall be payable on demand, and may be collected with interest thereon at the rate of       per centum per annum, from the time of so expending the same.

Grantor(s) hereby covenants to keep all the buildings now or hereafter on said premises, in good repair and in tenantable condition, without any liability of the Grantee(s) to any person for damages, for failure to repair, nor for any mechanics' liens therefore, and actual or threatened demolition or removal of any of the buildings on said premises, or the completed condemnation of lot or buildings for streets or otherwise, the whole principal sum shall at the option of the Grantee(s), at once become due and payable. Any amounts awarded in condemnation proceedings or taking the property herein described or any part thereof shall be paid to Grantee(s), to be applied on the indebtedness hereby secured.

It having been agreed between the parties hereto, that when one of the said notes, or any note secured by any prior deed of trust, whether of interest or principal, after having become due and payable, shall remain unpaid, then all of said notes herein described shall, at the option of the holder thereof, become due and payable at once, whether due on their face or not.

Without the written consent of the Grantee(s), no security interest will be created or suffered to be created under the provisions of the Missouri Uniform Commercial Code, as same, together with any amendments or supplements thereto, may be in effect, with respect to any goods, fixtures, equipment, appliances, or articles of personal property now attached to or used or hereafter attached to or used in connection with the premises.

**NOW, THEREFORE,** if the Grantor(s), or legal representatives or assigns, shall well and truly pay, or cause to be paid, unto the holders thereof, respectively, all and singular the said promissory notes above mentioned, at maturity, thereof, respectively, according to the tenor of the same, and shall well and truly keep and perform all and singular the several covenants and agreements hereinbefore set forth, then this trust shall cease and be voided, and the property hereinbefore conveyed shall be released at the cost of the Grantor(s); but if any one of the said notes, or any part thereof secured by this or any prior deed of trust, be not so paid at maturity, according to the tenor of the same, or if said taxes, general and special, or insurance premiums, be not promptly paid when due, and mechanics' liens released, or if default be made in due fulfillment of said covenants and agreements, or any of them, then conveyance shall remain in force, and said Trustee(s), or in case of his death, or disability, or his or its neglect or refusal to act, then

as successor in trust, or in case of his inability, neglect or refusal to act, then a successor appointed by the holder of the notes, or, if none be so appointed then a successor appointed by the Circuit Court, may, at the request of the legal holder of any of the notes secured hereby, proceed to sell the property hereinafter conveyed, or any part thereof, en mass or in parcels, at public venue (as to any part of said property situated in the City of St. Louis), at the East front door of the Court House, being the Civil Courts Building, 11th and Market Streets, in the City of St. Louis and State of Missouri, to the highest bidder for cash, first giving notice of the time, terms and place of sale, and of the property to be sold, by advertisement published for at least twenty times in some newspaper printed and published in the City of St. Louis, State of Missouri; and/or (as to any part of said property situated in the County of St. Louis) at the first Floor, Plaza Level, North Door of the St. Louis County Government Center Courts Building in Clayton, in the County of St. Louis, State of Missouri, to the highest bidder for cash, first giving notice of the time, terms and place of sale, and of the property to be sold, by advertisement published for four successive issues, or as required by law, in some newspaper, printed and published in the County of St. Louis, State of Missouri: and/or (as to any part of said property situated in the County of Jefferson) at the North Front door of the Court House in Hillsboro, in the County of Jefferson, State of Missouri, to the highest bidder for cash, first giving notice of the time, terms and place of sale, and of the property to be sold, by advertisement published for four successive issues, or as required by law, in some newspaper, printed and published in the County of Jefferson, State of Missouri; and/or (as to any part of said property situated in the County of St. Charles) at the West Front Door of the Court House in St. Charles, in the County of St. Charles, State of Missouri, to the highest bidder for cash, first giving notice to time, terms and place of sale, and of the property to be sold, by advertisement published for four successive issues, or as required by law, in some newspaper, printed and published in the County of St. Charles, State of Missouri, and upon such sale shall execute a deed in fee simple of the property sold, to purchaser(s) thereof, and shall receive the proceeds of such sale, out of which said trustee

shall pay first, the cost and expense of executing this Trust, including lawful compensation of said Trustee; and next, shall repay to any person(s) who may or shall, under the covenants hereinbefore set forth, have advanced or paid any money for taxes, mechanics' liens, insurance or prior notes, as above provided, all sums so by said persons advanced and not already repaid, together with interest thereon at the rate of          per centum per annum from date of such advance, till day of payment; and, next, the amount unpaid on the notes secured herby, together with the interest accrued thereon, and next the amount due on junior encumbrances, and the balance to the Grantor(s), assigns, or legal representatives. And each time that it shall become necessary to insert an advertisement for foreclosure and sale is not had, then the trustee shall be entitled to receive the sum of $25.00 for services and the amount of all advertising charges from the Grantor(s).

AND the Trustee(s) hereby lets said premises to the Grantor(s) until this instrument be released and satisfied, or until default be made in payment or performance of covenants of this Deed of Trust, upon the following terms, to-wit: The Grantor(s), and every and all persons claiming or possessing such premises or any part thereof, shall pay rent therefore during said term at one cent per month, payable upon demand and shall and will surrender peaceable possession of said premises, and any and every part thereof to Trustee(s), immediately upon such default and without notice therefore, and said trustee may thereupon rent the same for the account of the holders of the notes, until foreclosure is had and during any proceeding to redeem and then deliver possession to the purchaser at trustee's sale

PROVIDED, however, that nothing in this Deed shall be so construed as to prevent the legal holder of said notes, or any of them, to have and to take every legal step and means to enforce payment of said notes, without having first caused the execution of the Trust herein created.

AND the Trustee(s) covenants faithfully to perform and fulfill the trusts herein created, being liable, however, only for willful negligence or misconduct.

WHENEVER in this instrument the expression "Grantor(s)," "Trustee(s)," or "Grantee(s)" appears, it shall be held in each case to refer to and include the person(s), singular or plural, natural or artificial, described in the premises of this deed, and the covenants and agreements hereinabove contained shall bind and inure to the benefit of, respectively, the heirs, assigns, successors and legal representatives of " Grantor(s)," and any legally appointed successor of "Trustee(s)," and the endorsees, assigns and legal representatives of "Grantee(s)".

*In Witness Whereof,* Grantor(s) has(have) executed these presents as of the day and year first above written.

_____          _____
Grantor                                    Grantor

_____          _____
Grantor                                    Grantor

N/A

**STATE OF MISSOURI** )
                     ) ss.
        of           )
                On this          day of              , 20    , before me personally appeared

to me known to be the person(s) described in and who executed the forgoing instrument, and acknowledged that
executed the same as              free act and deed, as the Grantor(s).

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed my official seal in the              and
State aforesaid, the day and year first above written.

My term expires:                    _____
                                     Notary Public

**STATE OF MISSOURI** )
                     ) ss.      On this          day of    N/A           , 20   .
        of           )          before me appeared

to me personally known, who, being by me duly sworn, did say that

is the              of
a Corporation of the State of                        , and that the SEAL AFFIXED to the forgoing instrument
is the corporate seal of said corporation, by authority of its Board of Directors; and said
acknowledged said instrument to be the free act and deed of said corporation.

        IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the              and
State aforesaid, the day and year first above written.

My term expires:                    _____
                                     Notary Public

Form 2040 (page 5 of 5)  class A   Printed and Sold by: Legal Supply and Index  (314) 421-1038  www.legalsupply.com
Notice to Recorder – Red vertical lines denote original document

**OELLENHOFF BUILDING & REALTY CO.**

CHARLES WEINREICH

Check Number:
Check Date:   Jan 9, 2009

Check Amount:  $1,500.00
Discount Taken        Amount Paid

Item to be Paid - Description

LOT 4 LONEDELL INT 6/11 – 12/11/08          .   1,500.00

*Posted
January 10, 09*

---

**MOELLENHOFF BUILDING & REALTY CO.**                                        **19266**

CHARLES WEINREICH

Check Number:   19266
Check Date:    Sep 4, 2009

Check Amount:  $2,250.00
Discount Taken        Amount Paid

Item to be Paid - Description

LOT 4 LONDELL INTEREST 12/11/08 – 9/11/09          2,250.00

*Posted
Sept 5, 09*

*E47*

3-26-09   N°

Received of From Chas Weinreich

Ninety Thousand dollars + 00/100 ——————— **DOLLARS**

D of T Arthur Ln 9932 - 56 Arthur Ln

90,000.

**Moellenhoff Bldg. & Realty Co.**

Per

$ 90,000.

Ex48

**MOELLENHOFF BUILDING & REALTY CO.**

CHARLES WEINREICH

19418

Check Number: 19418
Check Date: Jan 4, 2010

Check Amount: $175.00

| Item to be Paid - Description | Discount Taken | Amount Paid |
|---|---|---|
| PIN OAK DEV | | 175.00 |

*Posted
1-5-10*

---

MOELLENHOFF BLDG. & REALTY CO.
CHARLES WEINREICH

1138

Check Number: 1138
Check Date: Feb 1, 2010

Check Amount: $175.00

| Item to be Paid - Description | Discount Taken | Amount Paid |
|---|---|---|
| PIN OAK DEV | | 175.00 |

*Lot*

*Posted
Feb 2, 2010*

---

MOELLENHOFF BLDG. & REALTY CO.
CHARLES WEINREICH

1202

Check Number: 1202
Check Date: Mar 1, 2010
Duplicate
Check Amount: $175.00

| Item to be Paid - Description | Discount Taken | Amount Paid |
|---|---|---|
| PIN OAK ADD | | 175.00 |

*Rec'd 175 00 int
March 3, 2010*



SALES
FINANCING

**REALTORS**

INSURANCE
MANAGEMENT

*"Our Record A Recommendation"*

Posted
Oct 5, 04

6814 GRAVOIS AVENUE     SAINT LOUIS, MISSOURI 63116

October 1, 2004

Marvin Weinreich
2101 Union Rd.
St. Louis, Mo. 63125

S T A T E M E N T

Interest on Lot 51 Summerhedge from 3-1-04 to 10-1-04....1225.00

Ck No. 12179(CG)

---

**MOELLENHOFF BUILDING & REALTY CO.**

12179

MARVIN WEINREICH

| | |
|---|---|
| Check Number: | 12179 |
| Check Date: | Oct 1, 2004 |

| | |
|---|---|
| Check Amount: | $1,225.00 |

Item to be Paid - Description

Discount Taken          Amount Paid

EXP A/C INTEREST PD 3/1/04-10/1/04 LOT 51
SUMMERHEDGE PL

1,225.00



1-4-02

Received of *Morris Weinreich.*

Three Hundred Thousand dollars + 00/100 _____ **DOLLARS**

Loan purchase a/c Von Talge Trails

**Moellenhoff Bldg. & Realty Co.**

Per: _____

$ 300,000.

Exh 11



NOTARY PUBLIC

SALES
FINANCING

**REALTORS**

"*Our Record A Recommendation*"

INSURANCE
MANAGEMENT

*Posted*
*2-3-04*

6814 GRAVOIS AVENUE      SAINT LOUIS, MISSOURI 63116

January 30, 2004

Marvin Weinreich
2101 Union Rd.
St. Louis, Mo. 63125

S T A T E M E N T

Interest on Von Talge Trails ground from 7-10-03 to 1-10-04
.................................$7401.37

Ck No. *10402* (CG)

---

352-4300

NOTARY PUBLIC

SALES
FINANCING

**REALTORS**

"*Our Record A Recommendation*"

INSURANCE
MANAGEMENT

*Posted Aug 13, 04*

6814 GRAVOIS AVENUE      SAINT LOUIS, MISSOURI 63116

August 4, 2004

Marvin Weinreich
2101 Union Rd.
St. Louis, Mo. 63125

S T A T E M E N T

Interest from 1-10-04 to 7-10-04 Von Talge Rd........$6240.00
        (208,000. at 6 %)

Ck No.

*Exh 11A*

**MOELLENHOFF BLDG. & REALTY CO.**
~~CHARLES WE~~INREICH

*Marvin*

| | |
|---|---|
| Check Number: | 17735 |
| Check Date: | Feb 7, 2008 |

Check Amount: $2,220.00

| Item to be Paid - Description | Discount Taken | Amount Paid |
|---|---|---|
| PIN OAK ADD INTEREST 8/11/07 TO 2/11/08 | | 2,220.00 |

*Posted Feb. 9, 08 to MW*

*(Sorry this ck was made in Charles name
the interest is under Marvin in our books!)*

---

**MOELLENHOFF BLDG. & REALTY CO.**
MARVIN WEINREICH

2229

| | |
|---|---|
| Check Number: | 2229 |
| Check Date: | Aug 12, 2008 |

Check Amount: $2,220.00

| Item to be Paid - Description | Discount Taken | Amount Paid |
|---|---|---|
| PIN OAK ADDN INTEREST 2/11/08 - 8/11/08 | | 2,220.00 |

*Posted Aug 14, 08*



Received of _Charles Weinreich_

One Hundred Twenty Thousand dollars ———— DOLLARS

_Deed of Trust on Clayton Rd + Berthold_

**Moellenhoff Bldg. & Realty Co.**

Per _____

$ _120,000._ 00

Exh B

**MOELLENHOFF BUILDING & REALTY CO.**

15179

MARVIN WEINREICH

Check Number:    15179
Check Date:    Mar 28, 2006

Check Amount:  $3,600.00
Discount Taken          Amount Paid

Item to be Paid - Description

CLAYTON/BERTHOLD INT 9/14/05-3/14/06                    3,600.00

*Posted Apr 4, 06*

---

**MOELLENHOFF BUILDING & REALTY CO.**

15943

MARVIN WEINREICH

Check Number:    15943
Check Date:    May 1, 2006

Check Amount:  $4,200.00
Discount Taken          Amount Paid

Item to be Paid - Description

INTEREST CLAYTON/BERTHOLD (3/14 - 10/14/06)              4,200.00

*Posted Oct 19, 2006*

*Exh 13A*

3-10-08

Received of from Marvin Weinreich

Seventy Five Thousand dollars + 00/100 ———— **DOLLARS**

D of T on Lot 2 Roxanna

75000. 6% ~Intrest~ payable semi annually

**Moellenhoff Bldg. & Realty Co.**

Per Dennis Joel

$ 75000.

(Ex414)

5-5-08

Received of Marvin Weinreich

Two Hundred Forty Thousand - 00/100 ————— DOLLARS

D of T Lot 6 Pin Oak

240,000. 5.5% Int. payable semi annually

Moellenhoff Bldg. & Realty Co.

Per

$ 240,000.

Exh 15

5-5-08

Received of Marvin Weinreich

Two Hundred Forty Thousand +00/100 —————— DOLLARS

D of T Lot 6 Pin Oak

240,000. 5.5% Int. payable semi annually

Moellenhoff Bldg. & Realty Co.

Per.

$240,000.

Exh 16

Mr. Wunrich

p.23    Deed of Trust    Sept 2, 08
           180,000
        Lot 5 B
        Lonedell Industrial ct.
        St L Mo.
           180,000.00

Exh 17

FORM 300E (Revised)   ANNUAL, SEMI OR QUARTERLY ANNUAL PRINCIPAL PAYMENTS, INTEREST REDUCING                    CLASS 6

$ _180,000.00_                    **NOTE** _Sept. 8, 2008_

For Value Received, the undersigned jointly and severally as principals promise to pay to the order of

_Moellenhoff Bldg & Rlty Co._

_180,000.00_                                                    Dollars ($ _180,000.00_

principal to be paid in _N/A_ _____ annual installments as follows:

_N/A_ _____ Dollars ($ _____ )

on the ___ day of _____, 19 __, and the balance of said principal in the sum of

_180,000.00 Balance due in 36 Months._ _____ Dollars ($ _180,000.00_)

due and payable on the _7_ day of _____ _Oct 7_, 19 _08_, with interest thereon from the _7_ day

of _____, 19 ___, at the rate of _5.5 %_ per cent per annum, upon the principal sum,

or so much thereof as shall from time to time remain unpaid, payable _____ annually, on the _____ day

of _____ in each year, with interest after maturity at the rate of eight

per cent per annum on principal.

    If default be made in the payment of any of said installments when due, the holder of this note may at the option of said holder declare all unpaid indebtedness evidenced by this note immediately due and payable, and thereupon the undersigned agree to pay all costs of collection, including a reasonable attorney's fee.  Failure at times to exercise such option shall not constitute a waiver of the right to exercise it later.

    In the event default be made in the payment of any installment, when due, and the holder of this note does not exercise its option to declare all unpaid indebtedness due and payable, the undersigned agree to pay, during the period of delinquency, interest on the unpaid balance of the loan at the rate of eight per cent per annum on principal.

    The holder may rearrange, adjust, and extend the times and amounts of payments of interest or principal of this note by agreement with the present or subsequent owner of the real estate securing the same, without notice to or consent of and without releasing any party liable hereon.

_5.5 percent — payable Monthly (3 yrs.)_
_825.00 per Month_

Payable at _____

Secured by Deed of Trust on _____

_Lot 5B Lonedell Industrial Ct._

Printed and for Sale by the St. Louis Printing & Legal Forms Co., St. Louis, Mo.

_Exh 17A_

# Deed of Trust

### (WITH CONDITIONAL ASSIGNMENT OF RENTS)

**This Deed,** Made and entered into as of the 8th day of Sept 2008 ~~nineteen hundred and~~ , by and between

Moellenhoff Bldg & Rlty C.
6814 Gravois
St. Louis, Mo. 63116

of the City of StL State of Mo.

part of the first part, and Moellenhoff Bldg & Rlty Co

of the of State of

party of the second part, and Pam Danielle

of the of State of

part of the third part.

**Witnesseth,** that the said part of the first part, for and in consideration of the debt and trust hereinafter described and created, and the sum of One Dollar to said part of the first part paid by the said party of the second part, the receipt of which is hereby acknowledged, do by these presents **Grant, Bargain and Sell, Convey and Confirm** unto the said party of the second part, the following described Real Estate situated in the County of St. Louis, and State of Missouri, to-wit:

Lot 5B Lonedell Industrial Ct.

Exh 1 B

of the                     of                            State of

part            of the first part, and

Moellenhoff   Bldg & Rlty Co

of the            of                            State of

party of the second part, and   Pam Danielle

of the            of                            State of

part         of the third part.

*Witnesseth,* that the said part         of the first part, for and in consideration of the debt and trust hereinafter described and created, and the sum of One Dollar to said part         of the first part paid by the said party of the second part, the receipt of which is hereby acknowledged, do         by these presents *Grant, Bargain and Sell, Convey and Confirm* unto the said party of the second part, the following described Real Estate situated in the County                of St. Louis, and State of Missouri, to-wit:

Lot 5 B Lonedell Industrial ct.

*To Have and to Hold* the same, together with all buildings, fixtures and appurtenances now or hereafter to the same belonging, unto the said party of the second part, and to         successor or successors in this trust forever, and possession of said premises is now delivered unto the said party of the Second Part including the right to collect rents as hereinafter set forth.

*In Trust,* however for the following purposes: *Whereas,* the said party of the First Part, being justly indebted to the party of the Third Part for 180,000.00 money in the principal sum of
180,000.00 Dollars,
has, to secure said principal, and interest to be earned thereon, equally and without preference of one note over another, executed and delivered to the part of the Third Part,
negotiable promissory note of even date herewith, expressed to be for value received, drawn to the order of said party of the Third Part, and payable at Mellenhott Bldg & ReVVVC.

as follows, to-wit:

**TO SECURE** the payment of which said notes the party of the First Part has executed this Deed of Trust, and has also agreed with said Third Party, endorsees and assigns, to cause all taxes and assessments, general and special, to be paid whenever imposed upon said property, and before becoming delinquent; and also to keep the improvements upon said premises constantly and satisfactorily insured, until said notes are all paid, against fire and extended coverage, in the full amount of this deed of trust, and to carry such other insurance and in such companies as holders of notes may require, and the policies therefor to keep constantly assigned unto the said party of the Second Part and deposited with the party of the Third Part for further securing the payment of said notes, and the proceeds thereof apply towards the payment of said notes. The holders of notes is hereby given privilege and authority to make proof of loss and adjust and collect insurance. The trustee may assign policies to purchaser at foreclosure and owner shall not be entitled to unearned premiums. And the said party of the First Part hereby guarantees to the said party of the Third Part, that the said property herein described is free and clear of mechanics' liens; and said party of the First Part further agrees that, in case any liens should hereafter be filed against said property, then said liens so filed shall have the same force and effect as if any one of said notes herein before described, shall have become due and payable, and all the covenants and agreements herein provided shall be in full force and effect and carried out as if said notes be actually due and payable. Party of the First Part also agrees promptly to pay when due all notes, and to perform all covenants, in any deed of trust prior in lien to these presents. It shall be the privilege of said party of the Third Part, and assigns, in case of default on the part of the said party of the First Part or assigns to promptly pay all taxes, effect insurance, remove mechanics' liens and pay prior notes, as above herein provided, to pay such taxes, insurance and mechanics' liens, or notes of any prior deed of trust, and in the event that the said party of the Third Part, assigns or legal representatives, or the party of the Second Part, or his successors in trust, shall expend any money to protect the title or possession of said premises, or for such taxes, insurance, mechanics' liens, or notes, then all such money so expended shall be a new and additional principal sum of money secured by this instrument, and shall be payable on demand, and may be collected with interest thereon at the highest legal rate per annum, from the time of so expending the same.

Said party of the First Part hereby covenants to keep all the buildings now or hereafter on said premises, in good repair and in tenantable condition, without any liability of the party of the Third Part to any person for damages, for failure to repair; nor for any mechanics' liens therefor, and upon the actual or threatened demolition or removal of any of the buildings on said premises, or the completed condemnation of lot or buildings for streets or otherwise, the whole principal sum shall at the option of the party of the Third Part, at once become due and payable. Any amounts awarded in condemnation proceedings or taking the property herein

**TO SECURE** the payment of which said notes the party of the First Part has executed this Deed of Trust, and has also agreed with said Third Party, endorsees and assigns, to cause all taxes and assessments, general and special, to be paid whenever imposed upon said property, and before becoming delinquent; and also to keep the improvements upon said premises constantly and satisfactorily insured, until said notes are all paid, against fire and extended coverage, in the full amount of this deed of trust, and to carry such other insurance and in such companies as holders of notes may require, and the policies therefor to keep constantly assigned unto the said party of the Second Part and deposited with the party of the Third Part for further securing the payment of said notes, and the proceeds thereof apply towards the payment of said notes. The holders of notes is hereby given privilege and authority to make proof of loss and adjust and collect insurance. The trustee may assign policies to purchaser at foreclosure and owner shall not be entitled to unearned premiums. And the said party of the First Part hereby guarantees to the said party of the Third Part, that the said property herein described is free and clear of mechanics' liens; and said party of the First Part further agrees that, in case any liens should hereafter be filed against said property, then said liens so filed shall have the same force and effect as if any one of said notes herein before described, shall have become due and payable, and all the covenants and agreements herein provided shall be in full force and effect and carried out as if said notes be actually due and payable. Party of the First Part also agrees promptly to pay when due all notes, and to perform all covenants, in any deed of trust prior in lien to these presents. It shall be the privilege of said party of the Third Part, and assigns, in case of default on the part of the said party of the First Part or assigns to promptly pay all taxes, effect insurance, remove mechanics' liens and pay prior notes, as above herein provided, to pay such taxes, insurance and mechanics' liens, or notes of any prior deed of trust, and in the event that the said party of the Third Part, assigns or legal representatives, or the party of the Second Part, or his successors in trust, shall expend any money to protect the title or possession of said premises, or for such taxes, insurance, mechanics' liens, or notes, then all such money so expended shall be a new and additional principal sum of money secured by this instrument, and shall be payable on demand, and may be collected with interest thereon at the highest legal rate per annum, from the time of so expending the same.

Said party of the First Part hereby covenants to keep all the buildings now or hereafter on said premises, in good repair and in tenantable condition, without any liability of the party of the Third Part to any person for damages, for failure to repair; nor for any mechanics' liens therefor, and upon the actual or threatened demolition or removal of any of the buildings on said premises, or the completed condemnation of lot or buildings for streets or otherwise, the whole principal sum shall at the option of the party of the Third Part, at once become due and payable. Any amounts awarded in condemnation proceedings or taking the property herein described or any part thereof, shall be paid to said party of the Third Part, to be applied on the indebtedness hereby secured.

It having been agreed between the parties hereto, that when one of the said notes, or any note secured by any prior deed of trust, whether of interest or principal, after having become due and payable, shall remain unpaid, then all of said notes herein described shall, at the option of the holder thereof, become due and payable at once, whether due on their face or not.

The said party of the First Part hereby appoints the said party of the Second Part a true and lawful attorney in fact to manage said property and collect the rents, with full power to bring suit for collection of said rents and possession of said property. Giving and granting unto the said party of the Second Part and unto his agent or attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done; provided, however, that this power of attorney and assignment of rents shall not be construed as an obligation upon said party of the Second Part to make or cause to be made, any repairs that may be needful and necessary. The said party of the Second Part shall receive the proceeds of the rents and profits of said premises, out of which he shall pay: FIRST: Reasonable charges for collection of said rents, cost of necessary repairs and other costs requisite and necessary during the continuance of this power of attorney and assignment of rents; NEXT: General and Special Taxes and accrued principal and interest under prior deed of trust due and remaining unpaid, and the remainder, if any, he shall apply toward the payment of the notes herein mentioned as they fall due and the balance on the other notes in order of due date. This power of attorney and assignment of rents shall be irrevocable until this deed of trust shall have been satisfied and released of record and the releasing of this deed of trust shall act as a revocation of this power of attorney and assignment of rents. This power of attorney to collect rents shall not take effect until and unless default is made in the payment of principal or interest notes secured hereby or any extension thereof, or default in the performance of any covenant in this deed contained, and shall continue only during such default or any subsequent default.

Without the written consent of the third party, no security interest will be created or suffered to be created under the provisions of the Missouri Uniform Commercial Code, as same, together with any amendments or supplements thereto, may be in effect, with respect to any goods, fixtures, equipment, appliances, or articles of personal property now attached to or used or hereafter attached to or used in connection with the premises.

**NOW, THEREFORE,** if the said party of the First Part, or legal representatives or assigns, shall well and truly pay, or cause to be paid, unto the holders thereof, respectively, all and singular the said promissory notes above mentioned, at maturity thereof, respectively, according to the tenor of the same, and shall well and truly keep and perform all and singular the several covenants and agreements hereinbefore set forth, then this trust cease and be void, and the property hereinbefore conveyed shall be released at the cost of the said party of the First Part; but if any one of said notes, or any part thereof secured by this or any prior deed of trust, be not so paid at maturity, according to the tenor of the same, or if said taxes, general and special, or insurance premiums, be not promptly paid when due, and mechanics' liens released, or if default be made in due fulfillment of said covenants and agreements, or any of them, this conveyance shall remain in force, and said party of the Second Part, or, in case of his death, or disability, or his or its neglect or refusal to act, then

as successor in trust, or in case of his inability, neglect or refusal to act, then a successor appointed by the holder of the note,

Without the written consent of the third party, no security interest will be created or suffered to be created under the provisions of the Missouri Uniform Commercial Code, as same, together with any amendments or supplements thereto, may be in effect, with respect to any goods, fixtures, equipment, appliances, or articles of personal property now attached to or used or hereafter attached to or used in connection with the premises.

**NOW, THEREFORE,** if the said party of the First Part, or legal representatives or assigns, shall well and truly pay, or cause to be paid, unto the holders thereof, respectively, all and singular the said promissory notes above mentioned, at maturity thereof, respectively, according to the tenor of the same, and shall well and truly keep and perform all and singular the several covenants and agreements hereinbefore set forth, then this trust shall cease and be void, and the property hereinbefore conveyed shall be released at the cost of the said party of the First Part; but if any one of said notes, or any part thereof secured by this or any prior deed of trust, be not so paid at maturity, according to the tenor of the same, or if said taxes, general and special, or insurance premiums, be not promptly paid when due, and mechanics' liens released, or if default be made in due fulfillment of said covenants and agreements, or any of them, this conveyance shall remain in force, and said party of the Second Part, or, in case of his death, or disability, or his or its neglect or refusal to act, then

as successor in trust, or in case of his inability, neglect or refusal to act, then a successor appointed by the holder of the note, or, if none be so appointed then a successor appointed by the Circuit Court, may, at the request of the legal holder of the note secured hereby, proceed to sell the property hereinbefore conveyed, or any part thereof, as public vendue or out-cry (as to any part of said property situated in the City of St. Louis) at the East Front Door of the Court House, being the Civil Courts Building, 11th and Market Streets, in the City of St. Louis and State of Missouri, to the highest bidder for cash, first giving notice required by the laws of Missouri in respect to exercising power of sale under mortgages and deeds of trust then in effect; and/or (as to any part of said property situated in the City of St. Louis) at the First Floor, Plaza Level, North Door of the St. Louis County Government Center Courts Building, 7900 Carondelet Avenue, in Clayton, in the County of St. Louis, State of Missouri, to the highest bidder for cash, first giving notice required by the laws of Missouri in respect to exercising power of sale under mortgages and deeds of trust then in effect, and upon such sale, shall execute a deed in fee simple of the property sold, to purchaser or purchasers, thereof and shall receive the proceeds of such sale, out of which said trustee shall pay first, the cost and expense of executing this Trust, including lawful compensation of said Trustee; and next, shall repay to any person or persons who may or shall, under the covenants hereinbefore set forth, have advanced or paid any money for taxes, mechanics' liens, insurance or prior notes, as above provided, all sums so by said persons advanced and not already repaid, together with interest thereon at the highest legal rate per annum from date of such advance, till day of payment; and, next, the amount unpaid on the note secured hereby, together with the interest accrued thereon, and next the amount due on junior encumbrances, and the balance to the party of the First Part, assigns, or legal representatives. And each time that it shall become necessary to insert an advertisement for foreclosure and sale is not had, then the trustee shall be entitled to receive the sum of $25.00 for services and the amount of all advertising charges from party of the First Part.

**AND** the said party of the Second Part hereby lets said premises to the said party of the First Part until this instrument be released and satisfied, or until default be made in payment or performance of covenants of this Deed of Trust, upon the following terms, to-wit: The said party of the First Part, and every and all persons claiming or possessing such premises or any part thereof, shall pay rent therefor during said term at one cent per month, payable upon demand and shall and will surrender peaceable possession of said premises, and any and every part thereof to said party of the Second  Part, immediately upon such default and without notice or demand therefor, and said trustee may thereupon rent the same for the account of the holders of the notes, until foreclosure is had and during any proceeding to redeem and then deliver possession to the purchaser at trustee's sale.

**PROVIDED,** however, that nothing in this Deed shall be so construed as to prevent the legal holder of said notes, or any of them, to have and to take every legal step and means to enforce payment of said notes, without having first caused the execution of the Trust herein created.

**AND** the said party of the Second Part covenants faithfully to perform and fulfill the trusts herein created, being liable, however, only for wilful negligence or misconduct.

**WHENEVER** in this instrument the expression "First Party," "Second Party," or "Third Party" appears, it shall be held in each case to refer to and include the person or persons, singular or plural, natural or artificial, described in the premises of this deed, and the covenants and agreements hereinabove contained shall bind and inure to the benefit of, respectively, the heirs, assigns, successors and legal representatives of said "First Party," and any legally appointed successor of said "Second Party," and the endorsees, assigns and legal representatives of said "Third Party."

*In Witness Whereof,* said part        of the first part ha        executed these presents as of the day and year first above written.

State of Missouri, }
    of              } ss.

On this            day of                    , 19       , before me personally appeared

the said party ... at one cent per month, payable upon demand and shall and will surrender peaceable possession of said premises, and any and every part thereof to said party of the Second Part, immediately upon such default and without notice or demand therefor, and said ... the ... rented ... according to ... before making any proceeding to redeem and then deliver possession to the purchaser at Trustee's sale.

**PROVIDED,** however, that nothing in this Deed shall be so construed as to prevent the legal holder of said notes, or any of them, to have and to take every legal step and means to enforce payment of said notes, without having first caused the execution of the Trust herein created.

**AND** the said party of the Second Part covenants faithfully to perform and fulfill the trusts herein created, being liable, however, only for wilful negligence or misconduct.

**WHENEVER** in this instrument the expression "First Party," "Second Party," or "Third Party" appears, it shall be held in each case to refer to and include the person or persons, singular or plural, natural or artificial, described in the premises of this deed, and the covenants and agreements hereinabove contained shall bind and inure to the benefit of, respectively, the heirs, assigns, successors and legal representatives of said "First Party," and any legally appointed successor of said "Second Party," and the endorsees, assigns and legal representatives of said "Third Party."

*In Witness Whereof,* said part           of the first part ha           executed these presents as of the day and year first above written.

State of Missouri,   ⎫
      of       ⎬ *ss.*
          ⎭

On this           day of                     , 19     , before me personally appeared

to me known to be the person     described in and who executed the foregoing instrument, and acknowledged that                 executed the same as                 free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the           and State aforesaid, the day and year first above written.

_____
                               Notary Public.

My term expires

24



1-14-09

Received of From Marvin Weinreich

One Hundred Twenty Thousand dollars* °°/100          DOLLARS

D of T on Quik Trip Tesson Ferry (13099 Tesson Ferry)

120,000. 2 yrs at 5% 1-14-11 maturity

$ 120,000.

Moellenhoff Bldg. & Realty Co.

Per

Exh 8

10 / 25 / 02   19

Received of _Estate Weinreich_

_One Hundred Forty Five Thousand dollars_   **DOLLARS**

_for purch of 1st Deed of Trust on_
_9524 Craigwood Terrace_

**Moellenhoff Bldg. & Realty Co.**

Per

$ 145 mor

19