UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HERMAN DENNIS MOELLENHOFF, | ) | |
| a/k/a DENNIS MOELLENHOFF | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | Cause No: 12-40544-A705 |
| | ) | |
| CHARLES WEINREICH and | ) | Chapter 7 |
| MARVIN WEINREICH, | ) | |
| | ) | Adversary No: 12-4099-705 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HERMAN DENNIS MOELLENHOFF, | ) | |
| a/k/a DENNIS MOELLENHOFF, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO COMPLAINT FOR DETERMINATION OF
DISCHARGEABILITY
OF A DEBT UNDER 11 U.S.C. SECTION 523(a)(2)(A), OR IN THE
ALTERNATIVE 11 U.S.C. SECTION 523 (a)(2)(B), OR IN THE
ALTERNATIVE 11 U.S.C. SECTION 523(a)(4)**

COUNT I
(False Pretenses, False Representation or Actual Fraud –
11 U.S.C. Section 523 (a)(2)(A)

Comes now Defendant/Debtor Herman Dennis Moellenhoff a/k/a Dennis Moellenhoff, and makes the following responses and answers to Count I:

1. Admits.

2. Admits.

3. Admits.

1

4. Admits Weinreich and Weinreich are creditors of Defendant/Debtor; admits that all monies advanced by Weinreich and Weinreich were made to Moellenhoff Building and Realty Company, a Missouri corporation (herein "company"); admits that at all times monies were advanced by Weinreich and Weinreich Defendant/Debtor received same in his position as an officer, director, and agent of the company; admits that the company thereafter invested the loaned funds from Weinreich and Weinreich in various opportunities for variying terms and at varying interest rates; admits the company kept various papers and documents in its possession, some of which papers and documents related to one or more of the investment opportunities. Defendant denies the remaining allegations.

5. Defendant admits that it is, or may be, indebted to Weinreich and Weinreich for sums of money, but denies each and every other allegation and assertion contained in this paragraph.

A. <u>As To Charles Weinreich</u>:

1. Denies the funds were to be secured by a deed of trust on Lonedell Road in Arnold, Missouri. Admits the remaining allegations set forth in this paragraph.

2. Denies the funds were to be used to purchase a deed of trust for a tract of land known as VonTalge Trails. Admits the remaining allegations set forth in this paragraph.

3. Denies the funds were to be used to purchase secured deeds of trust for property referred to as the Forder Woods Subdivision and denies Exhibit 3 documents same. Admits the remaining allegations set forth in this paragraph.

4. Admits the allegations in this paragraph 4.

5. Admits the allegations in this paragraph 5.

6. Admits the allegations in this paragraph 6.

7. Without sufficient knowledge or information with which to form an opinion as to the truth or falsity of these allegations and, therefore, denies the allegations in this paragraph 7 and requests specific proof thereof.

8. Admits the allegations in this paragraph 8.

9. Without sufficient knowledge or information with which to form an opinion as to the truth or falsity of these allegations and, therefore, denies the allegations in this paragraph 9 and requests specific proof thereof.

B. <u>As to Marvin Weinreich</u>:

1. Denies the funds were to be used to purchase a deed of trust for a tract of land known as Lot 51 Summer Hedge. Admits the remaining allegations set forth in this paragraph.

2. Denies the funds were to be used to purchase a deed of trust for a tract of land known as VonTalge Trails. Admits the remaining allegations set forth in this paragraph.

3. Denies the funds were to be used to purchase a deed of trust for a tract of land known as Pin Oak Addition. Admits the remaining allegations set forth in this paragraph.

4. Denies the allegations in this paragraph B,4.

5. Admits the allegations in this paragraph B,5.

6. Admits the allegations in this paragraph B,6.

7. Denies the allegations in this paragraph B,7.

3

8. Denies the allegations in this paragraph B,8.

9. Admits the allegations in this paragraph B,9.

10. Admits the allegations in this paragraph B,10.

11. Denies the allegations in this paragraph B,11.

6. Denies the allegations in this paragraph 6.

7. Denies the allegations in this paragraph 7.

8. Denies the allegations in this paragraph 8.

9. Denies the allegations in this paragraph 9.

10. Denies the allegations in this paragraph 10.

WHEREFORE, having fully answered and responded, Defendant prays Count I of the Complaint be dismissed; and for such other and further relief as the Court may deem just and proper.

COUNT II
(Materially False Statement in Writing –
11 U.S.C. Section 523 (a)(2)(B)

Comes now Defendant/Debtor Herman Dennis Moellenhoff a/k/a Dennis Moellenhoff, and makes the following responses and answers to Count II:

1. Defendant restates and realleges each assertion, answer, denial, and response as stated in its responses and answers to Count I, paragraphs 1 through 10, inclusive, and incorporates same by reference as thought same were fully set forth herein.

2. Defendant restates and realleges each assertion, answer, denial, and response as stated in its responses and answers to Count I, paragraphs 1 through 10, inclusive, and incorporates same by reference as thought same were fully set forth herein.

4

3. Without sufficient knowledge or information with which to form an opinion as to the truth or falsity of these allegations and, therefore, denies the allegations in this paragraph 3 and requests specific proof thereof.

4. Denies.

5. Denies.

6. Denies.

WHEREFORE, having fully answered and responded, Defendant prays Count II of the Complaint be dismissed; and for such other and further relief as the Court may deem just and proper.

## COUNT III
### (Fraud of Defalcation While Acting in a Fiduciary Capacity, Embezzlement or Larceny – 11 U.S.C. Section 523 (a)(4)

Comes now Defendant/Debtor Herman Dennis Moellenhoff a/k/a Dennis Moellenhoff, and makes the following responses and answers to Count III:

1. Defendant restates and realleges each assertion, answer, denial, and response as stated in its responses and answers to Count I and Count II, and their respective paragraphs and subparagraphs, inclusive, and incorporates same by reference as thought same were fully set forth herein.

2. Defendant restates and realleges each assertion, answer, denial, and response as stated in its responses and answers to Count I and Count II, in the paragraphs and subparagraphs respectively, and incorporates same by reference as thought same were fully set forth herein. Regarding the remainder of the allegations set forth, Defendant is without sufficient knowledge or information with which to form an opinion

5

as to the truth or falsity of these allegations and, therefore, denies the allegations in this paragraph 2 and requests specific proof thereof.

3. Denies.

4. Denies.

5. Denies.

6. Denies.

WHEREFORE, having fully answered and responded, Defendant prays Count III of the Complaint be dismissed; and for such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Comes now Defendant herein, and states and asserts the following Affirmative Defenses to Plaintiffs' Complaint, Counts I, II, and III:

### First Affirmative Defense

Defendant asserts that plaintiffs assumed the risk of loss on each and every investment identified in their Complaint.

### Second Affirmative Defense

Defendant asserts that the debts and obligations set forth in plaintiffs' Complaint were debts and obligations of Moellenhoff Building and Realty Company, a Missouri Corporation, and not that/those of Defendant, Debtor herein, and, as a consequence, the Complaint does not state a claim for which relief may be granted as a matter of law against this Defendant.

Respectfully Submitted,

SHEPHERD, TAYLOR, KORUM & CURTIS, LLP


By:       /s/ David M. Korum
     DAVID M. KORUM, #24249
     222 S. Central Avenue, Suite 804
     St. Louis, MO 63105
     (314) 727-8677
     (314) 727-8678 – fax
     Attorney for Debtor


## CERTIFICATE OF SERVICE

I certify that on May 1, 2012, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to those persons registered in this case to receive electronic service.

Rene' E. Lusser, Esq.
400 N. 4th Street, Suite 2410
St. Louis, MO 63102

          /s/ David M. Korum
     DAVID M. KORUM, #24249MO
     Attorney for Debtor