UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| HERMAN DENNIS MOELLENHOFF, ) | |
| a/k/a DENNIS MOELLENHOFF ) | |
| ) | |
| Debtor, ) | |
| _____) | Cause No: 12-40544-A705 |
| ) | |
| CHARLES WEINREICH and ) | Chapter 7 |
| MARVIN WEINREICH, ) | |
| ) | Adversary No: 12-4099-705 |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| HERMAN DENNIS MOELLENHOFF, ) | |
| a/k/a DENNIS MOELLENHOFF, ) | |
| ) | |
| Defendant. ) | |

### TRIAL BRIEF OF DEFENDANT

COMES NOW, Herman Dennis Moellenhoff, a/k/a Dennis Moellenhoff, Defendant-Debtor herein, and pursuant to the Trial Scheduling Order herein, submits the following.

Throughout all transactions alleged in Plaintiffs' Complaint in this Adversary matter, Defendant in his discussions, and financial transactions as alleged, conducted all such transactions with Plaintiffs in his corporate capacity as an officer of Moellenhoff Building and Realty Company, a Missouri corporation. At all times relevant, Moellenhoff Building and Realty Company, was a duly and lawfully established corporation with the Missouri Secretary of State. Defendant, at no time acted in any individual capacity in his financial and business transactions with Plaintiffs.

1

The evidence presented to the Court reveals that the Plaintiffs dealt with Moellenhoff Building and Realty Company, for a number of years, during which time individual defendant/debtor, served as an officer of the corporation at the same time as his father, H. George Moellenhoff.  The pattern of business established between the corporation, Moellenhoff Building and Realty Company, and Plaintiffs, reveals that Plaintiffs invested various sums of money with Moellenhoff Building and Realty Company, and evidenced by the various Notes and Deeds of Trust executed by Moellenhoff Building and Realty Company (Plaintiffs' exhibits).  Contrary to Plaintiffs' allegations, there were no transactions established by proof that Plaintiffs loaned, invested, or transferred any of their funds to the individual Defendant/Debtor; rather, all transactions were conducted between Plaintiffs and the corporation.  The corporation at all times acted, and conducted its business, through its officers, in the earlier instances with Defendant's father, and, following Defendant's father's death, continued transacting business with the corporation and its succeeding officers, Defendant being the principal contact and officer on behalf of the corporation.  There are no transactions established between the Plaintiffs and the individual Defendant/Debtor.

Contrary to Plaintiffs' assertions, none of the funds transferred by Plaintiffs were transferred to the Defendant/Debtor, individual.  Plaintiffs' own allegations indicate that at all times the individual Defendant/Debtor was acting as a legal representative of Moellenhoff Building and Realty Company, in his corporate capacity, and not acting as an individual.  Additionally, there is no evidence that any of the funds were transferred to, or accepted by, the individual Defendant/Debtor.  Further, as alleged by Plaintiffs, Defendant at all times was acting as the legal representative of the corporation, Moellenhoff Building and Realty Company.  The assertion by Plaintiffs that

Defendant/Debtor simply by naming, listing and identifying Plaintiffs as possible creditors in Debtor's bankruptcy estate is without merit and unsubstantiated. As a matter of law, the Bankruptcy Code requires that a Debtor, seeking relief from debt, and discharge by the Bankruptcy Court, thoroughly and completely list and inform the Court of any and all creditors, possible creditors, and of every classification of possible, or probable, debt which is, or may be, owed by Debtor to a creditor. Plaintiffs' proper relief should rather be asserted against Moellenhoff Building and Realty Company, the corporation in the first instance, rather than through this Adversary proceeding against the individual Debtor.

      While the Court recognizes that the corporation did not record the particular Deeds of Trust identified in the evidence, the Court cannot deny the historical and on-going course and conduct of business engaged in, and accepted by, Plaintiffs with the Moellenhoff Building and Realty Company, acting through its officers, dating back to Defenant's father, in his capacity as an officer of the company, and continuing thereafter, following Defendant's father's death. The Plaintiffs were dealing with the corporation—not with any individual person, including Defendant/Debtor. The safe keeping and possession of the Deeds of Trust although unrecorded, appears to have been the regular and on-going course of business established between Moellenhoff Building and Realty Company and Plaintiffs long before Defendant's father's death, and thereafter, with Defendant succeeding to officership of Moellenhoff Building and Realty Company. Plaintiffs' funds were invested with the company over the course of many years, the Plaintiffs were aware of such course of business, and that particular course of conduct never changed.

The evidence presented fails to establish that Plaintiffs ever conducted business with the individual Defendant, nor does the evidence establish and reveal that Defendant/Debtor ever held himself out individually, and other than the corporate representative of Moellenhoff Building and Realty Company.  The evidence fails to establish that the individual defendant-debtor, had any fiduciary relationship with plaintiffs; rather, that the relationship was established between plaintiffs and the corporation as one of debtor-creditor.  The funds were invested, or loaned, as the case may be, with the corporation.

Respectfully submitted,

SHEPHERD, TAYLOR, KORUM & CURTIS, LLP


By:  /s/ David M. Korum
DAVID M. KORUM, #24249MO
222 S. Central Avenue, Suite 804
St. Louis, MO  63105
(314) 727-8677
(314) 727-8678 – fax
Attorney for Debtor


CERTIFICATE OF SERVICE

I certify that on October 26, 2012, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to those persons registered in this case to receive electronic service.

Rene' E. Lusser, Esq.
400 N. 4th Street, Suite 2410
St. Louis, MO  63102

/s/ David M. Korum
DAVID M. KORUM, #24249MO
Attorney for Debtor

4